UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| PATRICK HOGAN | * | CIVIL ACTION NO.: 2:23-cv-05981 |
| Plaintiff | * | |
| | * | |
| VERSUS | * | JUDGE JANE TRICHE MILAZZO |
| | * | |
| QBE SPECIALTY INSURANCE | * | |
| COMPANY | * | MAG. JUDGE MICHAEL B. NORTH |
| Defendant | * | |

\* \* \* \* \* \* \* \* \* \* \* \*    \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### QBE SPECIALTY INSURANCE COMPANY'S
### ANSWER AND AFFIRMATIVE DEFENSES TO
### PLAINTIFF'S PETITION FOR DAMAGES

Defendant, QBE Specialty Insurance Company ("QBE"), through undersigned counsel, files its Answer and Affirmative Defenses in response to the Petition for Damages by Plaintiff, Patrick Hogan, and respectfully avers as follows:

### FIRST DEFENSE

Plaintiff's Petition fails to state a claim against QBE upon which relief can be granted.

### SECOND DEFENSE

Answering the separately numbered allegations of the Petition, QBE avers as follows:

1.

The allegations of Paragraph 1 of the Petition are admitted to the extent Plaintiff is the named insured under the Homeowners Insurance Policy, policy number QSN2155106, issued by QBE to Plaintiff for the policy period of January 15, 2021 to January 15, 2022. All other allegations are denied for lack of sufficient information to justify a belief therein.

2.

The allegations of Paragraph 2 of the Petition are admitted to the extent QBE is a foreign insurance company.

3.

The allegations of Paragraph 3 of the Petition state a legal conclusion, which requires no response from QBE.

4.

The allegations of Paragraph 4 of the Petition are denied for lack of sufficient information to justify a belief therein.

5.

The allegations of Paragraph 5 of the Petition are admitted to the extent QBE issued a Homeowners Policy, policy number QSN2155106, to Plaintiff for the policy period of January 15, 2021 to January 15, 2022. Said policy is the best evidence of its terms, coverage, provisions, limits, and exclusions, and is fully incorporated by reference in response as if copied herein *in extenso*.

6.

The allegations of Paragraph 6 of the Petition are denied for lack of sufficient information to justify a belief therein.

7.

The allegations of Paragraph 7 of the Petition contain a mixed conclusion of law and fact, which requires no response from QBE. To the extent a response is required, such allegations are denied.

8.

The allegations of Paragraph 8 of the Petition are denied.

9.

The allegations of Paragraph 9 of the Petition are admitted to the extent Plaintiff submitted a property damage insurance claim to QBE, which was assigned claim number 901678N. However, to the extent such allegations infer QBE is, in any way, liable to Plaintiff, they are denied.

10.

The allegations of Paragraph 10 of the Petition are denied, though it is admitted that QBE inspected the property following notification of the claim from Plaintiff and timely issued a claim determination in light of same. However, it is denied that such inspection constituted satisfactory proof of loss.

11.

The allegations of Paragraph 11 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

12.

The allegations of Paragraph 12 of the Petition are denied.

13.

The allegations of Paragraph 13 of the Petition are denied.

14.

The allegations of Paragraph 14 of the Petition are denied.

15.

The allegations of Paragraph 15 of the Petition contain a mixed conclusion of law and fact, which requires no response from QBE. To the extent a response is required, such allegations are denied.

16.

The allegations of Paragraph 16 of the Petition are denied.

17.

The allegations of Paragraph 17 of the Petition contain a mixed conclusion of law and fact, which requires no response from QBE. To the extent a response is required, such allegations are denied.

18.

The allegations of Paragraph 18 of the Petition are denied.

19.

The allegations of Paragraph 19 of the Petition contain a mixed conclusion of law and fact, which requires no response from QBE. To the extent a response is required, such allegations are denied.

20.

The allegations of Paragraph 20 of the Petition, including subparts (a) through (f), state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

21.

The allegations of Paragraph 21 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

22.

The allegations of Paragraph 22 of the Petition are denied for lack of sufficient information to justify a belief therein. However, such allegations are denied insofar as they infer QBE is, in any way, liable to Plaintiff.

23.

The allegations of Paragraph 23 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

24.

The allegations of Paragraph 24 of the Petition are denied for lack of sufficient information to justify a belief therein. However, such allegations are denied insofar as they infer QBE is, in any way, liable to Plaintiff.

25.

The allegations of Paragraph 25 of the Petition merely adopt and re-allege all prior allegations of the Petition, which requires no response from QBE. To the extent a response is required, QBE hereby adopts and re-alleges all responses to the prior allegations of Petition in response herein as if copied *in extenso*.

26.

The allegations of Paragraph 26 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

27.

The allegations of Paragraph 27 of the Petition are admitted to the extent QBE issued a Homeowners Policy, policy number QSN2155106, to Plaintiff for the policy period of January 15, 2021 to January 15, 2022. Said policy is the best evidence of its terms, coverage, provisions, limits, and exclusions, and is fully incorporated by reference in response as if copied herein *in extenso*. However, to the extent such allegations infer QBE is, in any way, liable to Plaintiff, they are denied.

5

28.

The allegations of Paragraph 28 of the Petition, including subparts (a) through (f), state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

29.

The allegations of Paragraph 29 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

30.

The allegations of Paragraph 30 of the Petition merely adopt and re-allege all prior allegations of the Petition, which requires no response from QBE. To the extent a response is required, QBE hereby adopts and re-alleges all responses to the prior allegations of Petition in response herein as if copied *in extenso*.

31.

The allegations of Paragraph 31 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

32.

The allegations of Paragraph 32 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

33.

The allegations of Paragraph 33 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

34.

The allegations of Paragraph 34 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

35.

The allegations of Paragraph 35 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

36.

The allegations of Paragraph 36 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

37.

The allegations of Paragraph 37 of the Petition, including subparts (a) through (g), state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

38.

The allegations of Paragraph 38 of the Petition are denied.

39.

The allegations of Paragraph 39 of the Petition state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied.

40.

The allegations of Paragraph 40 of the Petition merely adopt and re-allege all prior allegations of the Petition, which requires no response from QBE. To the extent a response is required, QBE hereby adopts and re-alleges all responses to the prior allegations of Petition in response herein as if copied *in extenso*.

41.

The allegations of Paragraph 41 of the Petition, including subparts (a) through (c), state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied. QBE specifically moves to strike subpart (c) as open-ended allegations are improper as a matter of law.

42.

The allegations of Paragraph 42 of the Petition, including subparts (a) through (j), state a legal conclusion, which requires no response from QBE. To the extent a response is required, such allegations are denied. QBE specifically moves to strike subpart (j) as open-ended allegations are improper as a matter of law.

43.

The allegations contained in the paragraph beginning with the word "WHEREFORE," including all subparts, purports to represent Plaintiff's Prayer for Relief, which requires no response from QBE. To the extent a response is required, all such allegations are denied.

44.

Any numbered or unnumbered paragraphs or allegations of the Petition not answered herein are now denied.

**<u>THIRD DEFENSE</u>**

The Petition fails to state a claim for bad faith, breach of contract, damages, penalties, and/or attorneys' fees against QBE upon which relief can be granted.

**<u>FOURTH DEFENSE</u>**

QBE's obligations to Plaintiff are subject to the terms, conditions, exclusions, and limitations of the insurance policy, policy no. QSN2155105, with a policy period of January 15,

2021 to January 15, 2022. QBE refers to and incorporates by reference the terms, conditions, exclusions, and limitations of that insurance policy, as if copied herein *in extenso*, and avers that the insurance policy is a written document that speaks for itself and is the best evidence of its contents.

## FIFTH DEFENSE

Subject to the limits, terms, conditions, and exclusions of the insurance policy, QBE will only pay damages for direct physical loss to property described in the Declarations caused by or resulting from any Covered Cause of Loss.

## SIXTH DEFENSE

Coverage under Plaintiff's insurance policy, which is at issue in this case, is subject to certain limits and sub-limits. To the extent that any of these limits and/or sub-limits have been exhausted or reduced through the payment of claims or by other means, QBE has discharged and/or reduced its obligations under the insurance policy and owes no further duty to Plaintiff.

## SEVENTH DEFENSE

Coverage under the insurance policy at issue in this case applies in excess of the applicable deductibles that are particularly defined in the terms of the insurance policy. To the extent that the value of the damage to the insured property does not exceed the deductible applicable to a particular loss, or, to the extent that Plaintiff has not yet met the deductible for a particular loss, QBE does not have an obligation to pay any portion of the claim that falls within the deductible.

## EIGHTH DEFENSE

QBE has satisfied all duties and obligations owed under the insurance policy.

## NINTH DEFENSE

Plaintiff's claims are barred in whole or in part to the extent that Plaintiff has already been

compensated for his alleged loss.

## TENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage provided by the insurance policy to the extent that the claims are for loss or damage to property that is not specifically identified by the insurance policy as covered.

## ELEVENTH DEFENSE

Plaintiff's claims are barred or limited to the extent that they arise out of, pertain to, relate to, or result from damage to property or other loss that occurred prior to the inception of the insurance policy or otherwise outside of the insurance policy period of January 15, 2021 to January 15, 2022.

## TWELFTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage provided by the insurance policy to the extent that the claims are for loss or damage to property that is not specifically identified by the insurance policy as covered in the declarations or Section I – Property Coverages, Section A – Dwelling, Section B – Other Structures, Section C – Personal Property, or Section D – Loss of Use.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent that the following coverage limitation is applicable:

> **2.** We do not insure, however, for loss:
>> **a.** Excluded under Section I    Exclusions;

   **b.** Involving collapse, including any of the
   following conditions of property or any part
   of the property:

    **(1)** An abrupt falling down or caving in;

    **(2)** Loss of structural integrity, including
   separation of parts of the property or
   property in danger of falling down or
   caving in; or

    **(3)** Any cracking, bulging, sagging,
   bending, leaning, settling, shrinkage or
   expansion as such condition relates to
   **(1)** or **(2)** above;

   except as provided in **E.8. Collapse** under
   Section I   Property Coverages; or

## FOURTEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent that the following coverage limitation is applicable:

   **2.** We do not insure, however, for loss:

   **c.** Caused by:

    **(2)** Freezing, thawing, pressure or weight of
   water or ice, whether driven by wind or
   not, to a:

       **(a)** Fence, pavement, patio or swimming
   pool;

       **(b)** Footing, foundation, bulkhead, wall,
   or any other structure or device that
   supports all or part of a building or
   other structure;

       **(c)** Retaining wall or bulkhead that does
   not support all or part of a building or
   other structure; or

       **(d)** Pier, wharf or dock;

## FIFTEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent that the following coverage limitation is applicable:

**2.** We do not insure, however, for loss:

**c.** Caused by:

**(6)** Any of the following:

**(a)** Wear and tear, marring, deterioration;

**(b)** Mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself;

**(c)** Smog, rust or other corrosion, or dry rot;

**(f)** Settling, shrinking, bulging or expansion, including resultant cracking, of bulkheads, pavements, patios, footings, foundations, walls, floors, roofs or ceilings;

## SIXTEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent

that the following coverage limitation is applicable:

**SECTION I – EXCLUSIONS**

**A.** We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

**1. Ordinance Or Law**

Ordinance Or Law means any ordinance or law:

**a.** Requiring or regulating the construction, demolition, remodeling, renovation or repair of property, including removal of any resulting debris. This Exclusion **A.1.a.** does not apply to the amount of coverage that may be provided for in **E.11.** Ordinance Or Law under Section I Property Coverages;

**b.** The requirements of which result in a loss in value to property; or

c. Requiring any "insured" or others to test for, monitor, clean up, remove, contain, treat, detoxify or neutralize, or in any way respond to, or assess the effects of, pollutants.

Pollutants means any solid, liquid, gaseous or thermal irritant or contaminant, including smoke, vapor, soot, fumes, acids, alkalis, chemicals and waste. Waste includes materials to be recycled, reconditioned or reclaimed.

This Exclusion **A.1.** applies whether or not the property has been physically damaged.

## SEVENTEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent that the following coverage limitation is applicable:

**SECTION I – EXCLUSIONS**

A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

2. Earth Movement

Earth Movement means:

a. Earthquake, including land shock waves or tremors before, during or after a volcanic eruption;

b. Landslide, mudslide or mudflow;

c. Subsidence or sinkhole; or

d. Any other earth movement including earth sinking, rising or shifting.

This Exclusion **A.2.** applies regardless of whether any of the above, in **A.2.a.** through **A.2.d.**, is caused by an act of nature or is otherwise caused.

## EIGHTEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent

that the following coverage limitation is applicable:

**SECTION I – EXCLUSIONS**

A. We do not insure for loss caused directly or indirectly by any of the following. Such loss is excluded regardless of any other cause or event contributing concurrently or in any sequence to the loss. These exclusions apply whether or not the loss event results in widespread damage or affects a substantial area.

5. **Neglect**

Neglect means neglect of an "insured" to use all reasonable means to save and preserve property at and after the time of a loss.

## NINETEENTH DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent

that the following coverage limitation is applicable:

B. We do not insure for loss to property described in Coverages **A** and **B** caused by any of the following. However, any ensuing loss to property described in Coverages **A** and **B** not precluded by any other provision in this policy is covered.

1. Weather conditions. However, this exclusion only applies if weather conditions contribute in any way with a cause or event excluded in **A.** above to produce the loss.

2. Acts or decisions, including the failure to act or decide, of any person, group, organization or governmental body.

3. Faulty, inadequate or defective:

   a. Planning, zoning, development, surveying, siting;

   b. Design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;

   c. Materials used in repair, construction, renovation or remodeling; or

   d. Maintenance;

   of part or all of any property whether on or off the "residence premises".

## TWENTIETH DEFENSE

Plaintiff's claims are barred or limited to the extent the following limitation applies:

CONDITIONS

A. **Insurable Interest And Limit Of Liability**

Even if more than one person has an insurable interest in the property covered, we will not be liable in any one loss:

1. For an amount greater than the interest of a person insured under this Policy at the time of loss; or

2. For more than the applicable limit of liability.

B. **Deductible**

Unless otherwise noted in this Policy, the following deductible provision applies:

With respect to any one loss:

1. Subject to the applicable limit of liability, we will pay only that part of the total of all loss payable that exceeds the deductible amount shown in the Declarations.

2. If two or more deductibles under this Policy apply to the loss, only the highest deductible amount will apply.

## **TWENTY-FIRST DEFENSE**

Coverage may be limited or unavailable under the insurance policy to the extent Plaintiff

has failed to comply with the following:

## C. Duties After Loss

In case of a loss to covered property, we have no duty to provide coverage under this policy if the failure to comply with the following duties is prejudicial to us. These duties must be performed either by you, an "insured" seeking coverage, or a representative of either:

1. Give prompt notice to us or our agent;

2. Notify the police in case of loss by theft;

3. Notify the credit card or electronic fund transfer card or access device company in case of loss as provided for in **E.6.** Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section **I** Property Coverages;

4. Protect the property from further damage. If repairs to the property are required, you must:

   a. Make reasonable and necessary repairs to protect the property; and

   b. Keep an accurate record of repair expenses;

5. Cooperate with us in the investigation of a claim;

6. Prepare an inventory of damaged personal property showing the quantity, description, actual cash value and amount of loss. Attach all bills, receipts and related documents that justify the figures in the inventory;

7. As often as we reasonably require:

   a. Show the damaged property;

   b. Provide us with records and documents we request and permit us to make copies; and

   c. Submit to examination under oath, while not in the presence of another "insured", and sign the same;

8. Send to us your signed, sworn proof of loss which sets forth, to the best of your knowledge and belief:

   a. The time and cause of loss;

   b. The interests of all "insureds" and all others in the property involved and all liens on the property;

   c. Other insurance which may cover the loss;

   d. Changes in title or occupancy of the property during the term of the Policy;

   e. Specifications of damaged buildings and detailed repair estimates;

   f. The inventory of damaged personal property described in 6. above;

   g. Receipts for additional living expenses incurred and records that support the fair rental value loss; and

   h. Evidence or affidavit that supports a claim under E.6. Credit Card, Electronic Fund Transfer Card Or Access Device, Forgery And Counterfeit Money under Section I Property Coverages, stating the amount and cause of loss.

This proof of loss must be sent to us within:

   (1) 180 days after our request, if the loss results from a catastrophic event for which a state of disaster or emergency was declared pursuant to law by civil officials; however, this 180-day period does not commence until the state of emergency or disaster has ended and you have access to your property; or

   (2) 60 days after our request in all other cases.

## TWENTY-SECOND DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent the following coverage limitation is applicable:

17

**I.**  In Forms HO 00 03 and H0 00 05, SECTION I – EXCLUSIONS Paragraph A. is amended by the addition of the following:

Existing Damage

Existing Damage means any claims or damages:

   **a.**  which occurred prior to policy inception, regardless of whether such damages were apparent at the time of the inception of this policy or at a later date;

   **b.**  arising out of workmanship, repairs, or lack of repairs arising from damage which occurred prior to policy inception; or

   **c.**  which occurred prior to policy inception to otherwise covered property, unless all structures, whether covered by your previous policy or not, have been fully and completely repaired. Prior to such completion of repairs, coverage will be limited to the actual cash value of the damaged property at the time of a covered loss occurring during the policy period.

## TWENTY-THIRD DEFENSE

Plaintiff's claims are barred or limited and fall outside the scope of coverage to the extent the following coverage limitation is applicable:

**Exterior Insulation And Finish Systems (EIFS)**

Exterior Insulation And Finish Systems (EIFS) means loss or "property damage" arising out of, caused by, or attributable to:

   **a.**  Seepage, delamination, detachment, cracking, insect damage, collapse or imminent collapse caused in whole or in part by the design, manufacture, construction, fabrication, preparation, distribution and sale, installation, application, maintenance or repair, including remodeling, service correction or replacement, of any EIFS or any part thereof, or any substantially similar system or any part thereof. This includes the application or use of conditioners, primer, accessories, flashing, coatings, caulking or sealants in connection with such a system; or

   **b.**  Any moisture-related or dry rot related loss to a "residence premises" or other building to which an EIFS, or any substantially similar system, has been applied.

For the purposes of this exclusion, an EIFS means a non-load bearing exterior cladding or finish system and all component parts therein, used on any part of any structure, and consisting of:

   **a.**  A rigid or semi-rigid insulation board made of expanded polystyrene and other materials;

   **b.**  The adhesive and/or mechanical fasteners used to attach the insulation board to the substrate;

   **c.**  A reinforced or unreinforced base coat;

   **d.**  A finish coat providing surface texture to which color may be added; and

   **e.**  Any flashing, caulking or sealant used with the system for any purpose.

However, an EIFS does not include a cement-based, enhanced stucco cladding system which incorporates a weather resistive building wrap and ribbed insulation board to provide drainage.

## TWENTY-FOURTH DEFENSE

Plaintiff's claims are barred to the extent Plaintiff failed to comply with the following policy provision:

**H. Suit Against Us**

No action can be brought against us unless there has been full compliance with all of the terms under Section I of this policy and the action is started within two years after the date of loss.

## TWENTY-FIFTH DEFENSE

Plaintiff has failed to submit satisfactory proof of loss of covered damages.

## TWENTY-SIXTH DEFENSE

Plaintiff has failed to mitigate his damages.

## TWENTY-SEVENTH DEFENSE

Plaintiff has not complied with all requirements of the insurance policy.

## TWENTY-EIGHTH DEFENSE

Plaintiff has failed to submit satisfactory proof of loss for damages caused by Hurricane Ida.

## TWENTY-NINTH DEFENSE

Without admitting the application of the referenced statutory provisions to it, QBE avers that at all times it acted in good faith and in compliance with Louisiana law, including La. R.S. § 22:1892 and La. R.S. § 22:1973. As a result, QBE asserts that it has satisfied all of its obligations under the insurance policy and the law and has no liability for damages in contract or tort, and no liability for bad faith, statutory or other penalties, or other punitive damages. QBE further avers that it had, and continues to have, a reasonable basis for all actions it took in handling Plaintiff's claim.

## THIRTIETH DEFENSE

Without admitting the application of the referenced statutory provisions to it, QBE avers that Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to submit

satisfactory proof of loss pursuant to La. R.S. § 22:1892 and La. R.S. § 22:1973 or otherwise comply with, trigger, or facilitate the statutory provisions.

## THIRTY-FIRST DEFENSE

Plaintiff's claims are barred or limited to the extent that Plaintiff has failed to satisfy conditions precedent and subsequent to the existence of insurance coverage under the insurance policy, including, but not limited to, the failure to cooperate in the adjustment, investigation, and settlement of the claim as required by the insurance policy.

## THIRTY-SECOND DEFENSE

Plaintiff is not entitled to recovery for any damages that were not as a result of Hurricane Ida.

## THIRTY-THIRD DEFENSE

QBE reserves the right to amend its Answer and Affirmative Defenses and to provide further defenses as information is obtained through the course of discovery.

**WHEREFORE**, QBE Specialty Insurance Company prays that this Answer and Affirmative Defenses be deemed good and sufficient, and that after due proceedings, there be judgment in favor of QBE Specialty Insurance Company and against Plaintiff dismissing all claims, with prejudice, and for all other general and equitable relief to which QBE Specialty Insurance Company is entitled.

Respectfully submitted,

*/s/ Nicholas S. Bergeron*
ROBERT I. SIEGEL (Bar No. 12063)
LEO R. McALOON, III (Bar No. 19044)
NICHOLAS S. BERGERON (Bar No. 37585)
GIEGER, LABORDE & LAPEROUSE, L.L.C.
701 Poydras Street, Suite 4800
New Orleans, LA 70139-4800
Telephone:      (504) 561-0400
Facsimile:      (504) 561-1011
E-mail:      rsiegel@glllaw.com
             lmcaloon@glllaw.com
             nbergeron@glllaw.com
*Attorneys for QBE Specialty Insurance Company*

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been forwarded to all counsel of record via the Court's electronic case management system on this 8th day of December, 2023.

*/s/ Nicholas S. Bergeron*